## UNITED STATES v. MILLER.

### No. 2720.

District Court, W. D. Louisiana, Opelousas
Division.

May 13, 1938.

H. G. Fields, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

E. H. Guillory and A. P. Steckler, both of Ville Platte, La., for defendant.

DAWKINS, District Judge.

Plaintiff filed this suit originally against U. Mayo Miller, upon a dishonored check, in the sum of $427.45, alleging that it had been given in payment for 269 bags of rice raised by Alfred Veillon, and upon which petitioner had a lien arising from a seed loan. Thereafter, on August 5, 1937, plaintiff filed an amendment in which it alleged in substance that the said Alfred Veillon was indebted to it in the sum of $750, with 5½% interest, from November 1, 1931, for money loaned and represented by a promissory note for that amount; that Kenneth Reed, operating under the

trade name of C. D. Reed Gin Company, was in possession of five bales of cotton, of the value of $300, upon which petitioner had a crop pledge and chattel mortgage, duly executed by Veillon, arising from said seed loan, and that "said Kenneth Reed is either holding said five bales of cotton or has purchased the same from the said Alfred Veillon, without remitting the proceeds thereof to your petitioner, and has, therefore, made himself liable in solido, to your petitioner with the said Alfred Veillon for the value of said five bales of cotton, namely $300.00." Plaintiff prayed for judgment against Veillon for $750, with interest and against Veillon and Reed in solido, for the sum of $300, and that its alleged crop lien and pledge be maintained and enforced, "and that it have judgment as prayed for, also in its original petition herein."

Both Veillon and Reed have filed exceptions of misjoinder and motions to dismiss, for the reason that the nature of the cause of action is sought to be entirely changed by the amendment, and that neither of them can be joined with the original defendant in the manner attempted.

The suit against Miller was based upon an acknowledged indebtedness, represented by the check dishonored in the sum of $427.45 given for the rice, upon which the plaintiff alleges a lien to secure indebtedness of Veillon, the latter not being made party to this original petition; whereas, the amendment as against Veillon is upon a note given for the loan in the sum of $750, as to which, other than the value of the rice, Miller has no concern. The action against Reed is upon the charge that he also received a part of the crop, to-wit, five bales of cotton, upon which the crop lien rested, and as to which Miller has no concern whatever. None of the evidence to support the demand against Miller for conversion of the rice upon which the alleged lien rested would be relevant against Reed, and the former would have no concern with that offered against the latter. Neither of them would be interested in the demand against Veillon except to the extent necessary to sustain the demand for the property received.

It is true that as to both Miller and Reed, plaintiff might have filed separate suits originally against both its principal debtor, Veillon, and these alleged receivers of parts of the crops upon which the lien

is claimed, but it could not join them all three in the manner attempted here, or change the nature of the cause of action, as is sought to be done in the amended petition. C. P. Art. 419.

The pleas of misjoinder and motions to dismiss the amended petition should be sustained.

Proper decree should be presented.